LEMMON, Judge.
Plaintiff corporation filed this mandamus proceeding to compel the City of Kenner and certain municipal officials to issue an occupational license necessary for “pursuing any trade, profession, vocation, calling or business” in the City, as required by Code of Ordinances, Ch. 10, Art. IV, § 10-53.[1] When the trial court denied plaintiff’s demands after a hearing, plaintiff appealed.
Plaintiff contends that the occupational license tax ordinance is a revenue measure which does not provide for the exercise of discretion in issuing the license. On the other hand, defendants contend they are not obliged to issue a license to a person whose business violates state and municipal criminal laws and that plaintiff’s business violates the state criminal obscenity law and the municipal obscenity ordinance. In essence, the City contends it cannot be compelled to license an unlawful business.
§ 10-53 imposes an annual license tax. §§ 10-57 to 10-106 provide the classification and grading basis for the license tax as to specified occupations and businesses. § 10-107 provides the basis for the license tax for any other business, according to the gross annual receipts of the business. While several sections of the chapter contain particular requirements, only § 10-87 pertaining to mechanical amusement machines and devices lists qualifications for applicants and managers.
Counsel stipulated that plaintiff had applied for a license, that the license had not *533 been granted as of the date of trial (four weeks after the application was filed and one week after suit was filed), and that the license had been approved as to zoning compliance only. Plaintiff’s application listed the kind of business as a “Retail Book Store”. In the section of the application requesting information as to the number of music boxes, pooltables and other such items which are taxed under § 10-87 according to the number of such machines or devices, plaintiff listed “(12) coin operated movie machines”.
The City Marshall testified that his staff investigates the background of applicants for numerous types of licenses and submits a report to the City Council, which then approves or denies the application, and that the investigation of this application had not yet been completed. The Marshall further stated that plaintiff had opened the business without a license and an employee had been arrested for that violation, whereupon he notified the clerk to report to him when an application for the license was filed, in order that he could arrest the proper corporate official for the previous violation.
The ordinance at issue is primarily a revenue measure. As to the business of operating a retail book store, the ordinance contains no provision whatsoever for the investigation, supervision, control or regulation of the business, no requirement of a background investigation of the application, no provision for a delay within which to conduct an investigation, and most importantly, no provision for the denial of a license as a result of an investigation. Furthermore, there are no specified qualifications for the applicant, nor are there any standards or guidelines for the issuing officer to judge the personal fitness or character of the applicant.
Since the application on its face involves a legal business which does not violate any zoning or other regulatory ordinance or law, we conclude that the licensing authority had no discretion to withhold the license to operate a retail book store while awaiting a background investigation.[2] An official may decline issuance of a permit only for a reason specifically authorized by law or by the applicable statute. Schwegmann Bros. Giant Super Markets v. Edwards, 323 So.2d 810 (La.App. 4th Cir. 1975).
As to the City’s contention that the business will violate the obscenity ordinance, that ordinance itself presumably contains the standards for judging violations and the penalties for punishing violations. Perhaps the obscenity ordinance even authorizes revocation of the occupational license as a penalty for violation. But there is no basis for withholding the initial issuance of an occupational license because the obscenity statute might be violated after the license is issued. If a determination is made in the future that plaintiff’s business operation, once commenced, violates the obscenity ordinance, the proper punishment can be imposed by the proper authority in a proper proceeding.
We also hold that the occupational license cannot be denied or withheld on the basis that the applicant previously operated without a license. The ordinance specifies the procedure to be followed in cases of failure to pay the license tax.
As to the coin operated movie machines, the record does not show whether plaintiff’s machines were the type described in § 10-87 so as to make applicable the qualifications requirements of that section.[3] We therefore must remand the case for a determination as to whether § 10-87 applies so that a license is required for operation of these machines in plaintiff’s place of business.
*534 Finally, § 10-111 requires, when the applicant is a corporation, that the application be signed by the proper officer thereof. Plaintiff’s application was signed by “William M. Frank, Mgr.” [4] The ordinance does not define the term “proper officer”, but § 1-8 does provide in case of a violation by a corporation that the officers and agents actively in charge of the business shall be responsible for the violation and subject to prosecution. Since the case must be remanded in any event, plaintiff may present evidence as to William M. Frank’s status as a proper officer of the corporation.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that the case be remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. R.S. 47:397 authorizes municipal corporations to impose an occupational license tax.

. Testimony by one of the councilmen indicates that after the application was filed, the Council passed an ordinance regulating the operation of adult book stores. That ordinance, however, is not before the court, and we specifically decline to comment on its applicability or validity.

. Plaintiffs petition does state that “Section 10.87 thereof requires a license for each such machine.”

. Plaintiff presented no witnesses whatsoever, and the status or authority of William M. Frank remains unexplained in the record.