LEMMON, Judge.
When this mandamus proceeding to compel the City of Kenner to issue an occupational license was before the court earlier, we passed on some of plaintiff’s contentions as to whether the City could exercise discretion in issuing such licenses, but were unable to determine the validity of the license application which was signed by “William M. Frank, Mgr.” See La.App., 335 So.2d 531. We remanded the case, among other reasons,[1] for evidence necessary to determine whether that signature fulfilled the requirements of § 10-111, which provides in pertinent part as follows:
“ * * * Where an individual is an applicant for a license required by this article, the application must be signed by him; where a partnership or an association of persons by a member of the firm; and where a corporation, by the proper officer thereof. * * *"
On remand plaintiff offered no evidence as to Frank’s authority or status as a proper officer, but took the position that the City, in receiving the application from Frank and approving it as to zoning, tacitly waived any objection in this regard.
Above the signature line on the application form is the statement “I affirm that the information given in this application is true and correct”. The apparent purpose of § 10 — 111 is to require the disclosure of all necessary information and to have that information verified by the signature of the applicant himself or of an officer authorized to make statements on behalf of a corporate applicant. The section also provides a criminal penalty for any intentional false statement as to any material fact in the application.
We hold that § 10-111 requires, where the applicant is a corporation, that the application be signed by a duly autho *873 rized officer. The record in this case fails to establish that Frank was a duly authorized officer of plaintiff corporation. The fact that the City received the application and approved it as to zoning does not estop the City from thereafter questioning the signatory’s authority and status as a proper officer. We hold that the application was properly declined as deficient.
Accordingly, the judgment dismissing plaintiff’s petition for a writ of mandamus is affirmed.
AFFIRMED.
BEER, J., concurs in the result.

. We also remanded for evidence as to whether § 10-87 applies to coin-operated machines mentioned in the application, since that section does contain requirements as to the qualifications of the applicant.