STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0867

ISTROUMA FOODS, LLC

VERSUS

IBERVILLE PARISH SALES & USE TAX DEPARTMENT

Judgment Rendered: **DEC 2 7 2019**

* * * * * * *

On Appeal from the 18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Trial Court No. 78,796

Honorable Alvin Batiste, Jr., Judge Presiding

* * * * * * *

Danielle L. Borel                Attorney for Plaintiff/Appellee,
Baton Rouge, Louisiana           Istrouma Foods, LLC


Phil Breaux                      Attorney for Defendant/Appellant,
St. Gabriel, Louisiana           Iberville Parish Sales & Use Tax
                                 Department

* * * * * * *

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Defendant, Iberville Parish Sales & Use Tax Department, through David Hall, Director ("Iberville"), appeals a judgment granting the petition for mandamus filed by Istrouma Foods, LLC d/b/a Istrouma Biere' Republique ("Istrouma"). Istrouma has answered the appeal, seeking a reversal of the portion of the judgment denying its request for declaratory judgment. For the following reasons, we affirm in part, vacate in part, and remand to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

The Farm at Bayou Paul is a multi-use development in Iberville Parish with proposed residential and commercial uses. The development has received preliminary approval by the Parish. There is currently a barn located on the property that is leased by Istrouma. Istrouma plans to operate a brewery in the barn and sell beer on the premises. In connection therewith, Istrouma sought and obtained federal tax registration. Thereafter, on January 8, 2019, Istrouma submitted Iberville Parish's sales and use tax registration application to Iberville. On January 10, 2019, Istrouma was notified that its application for the registration of its business was rejected because Iberville Parish Ordinance 2-5 prohibits, inter alia, the sale or distribution of beer in residential areas of the Parish.[1] Istrouma

---

[1] Iberville Parish Ordinance 2-5 provides as follows:

**Sec. 2-5. - Sale or distribution in residential areas.**

(a)  The sale or distribution of beer, wine, liquor, or any beverage of high or low alcoholic content is strictly prohibited in residential areas of the Parish of Iberville.

(b)  "Residential area" as used herein shall be defined as any area in Iberville Parish where two (2) or more single- or multi-family dwellings exist within two hundred (200) feet of each other; but exclusive of commercial areas fronting on any state highway within the Parish of Iberville. There is also excluded from this definition a commercial grocery business which holds a parish occupational license as a grocery store, supermarket or convenience store having at least three hundred fifty (350) square feet of usable space with adequate parking and stocking a minimum of at least one hundred (100) grocery or food-related items.

2

then filed a petition for mandamus and declaratory judgment. Istrouma asserted that it met all requirements of the sales and use tax registration application and was therefore entitled to a writ of mandamus ordering Iberville to issue the sales and use tax registration. Istrouma further alleged that its proposed brewery is not in a residential area and sought a declaratory judgment declaring that the proposed brewery did not violate Iberville Parish Ordinance 2-5, or in the alternative that the ordinance was unenforceable.

The matter came for hearing on April 9, 2019, on Istrouma's request for a writ of mandamus. The matter was taken under advisement, and on May 1, 2019, the trial court signed a judgment granting Istrouma's petition for mandamus and ordering Iberville to approve and issue the sales and use tax registration submitted by Istrouma. The judgment also denied Istrouma's petition for declaratory judgment. Iberville filed the pending appeal, contending that the trial court erred: (1) in holding that Iberville had no discretion with respect to issuing an occupational license; (2) in ordering Iberville to grant a license to Istrouma to sell beer in violation of a Parish ordinance; and (3) in granting a mandamus when Istrouma failed to take a timely appeal of the license denial. Istrouma answered the appeal, asserting that the judgment should be reversed only to the extent that it denied Istrouma's request for declaratory judgment, as the issue was not properly before the trial court.

---

(c)     This section shall not be applicable to those permittees presently holding permits on licensed premises for the sale and distribution of either low or high alcoholic content beverages in residential areas defined herein, at the time of its adoption; provided, however, this section shall be applicable to such permittees if the premises occupied in the residential area is abandoned and/or closed for thirty (30) days or if the owner or owners of said business fail to timely apply for a parish permit for the sale and distribution of high and low alcoholic content beverages.

(d)     Any person who violates this section shall, in addition to any civil remedies which may be imposed, be fined not more than one hundred dollars ($100.00) and/or imprisoned in the parish jail for not more than thirty (30) days, or both.

## LAW AND DISCUSSION

Mandamus is a writ compelling a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. Mandamus is an extraordinary remedy, which must be used sparingly by the court, and only to compel action that is clearly provided for by law. *Poole v. Louisiana Board of Electrolysis Examiners*, 2006-0810 (La. App. 1 Cir. 5/16/07), 964 So. 2d 960, 963. Mandamus lies only to compel the performance of purely ministerial duties. *City of Hammond v. Parish of Tangipahoa*, 2007-0574 (La. App. 1 Cir. 3/26/08), 985 So. 2d 171, 181. Our jurisprudence is clear that such a writ may not issue to compel performance of an act which contains any element of discretion, however slight. *Id.* Although the granting of a writ of mandamus, as a general rule, is considered improper when the act sought to be commanded contains any element of discretion, it has been allowed in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials, such as the arbitrary refusal by an administrative body to grant a license. *Poole*, 964 So. 2d at 963.

Louisiana Revised Statutes 47:341(A) authorizes any municipality or parish to impose a license tax on any person conducting any business (defined by La. R.S. 47:342(1) as "any business, trade, profession, occupation, vocation, or calling") within the territorial jurisdiction of the municipality. Iberville Parish is granted authority to impose a license tax by Iberville Parish Code of Ordinances, Chapter 14, Licenses and Miscellaneous Business Regulations. Section 14-1 provides:

> There is hereby levied an annual license tax upon all persons, associations of persons, business or firms and corporations pursuing any trade, profession, vocation or business pursued, conducted, or carried on, or operated within the limits of the Parish of Iberville, State of Louisiana, including persons engaged in or operating as itinerant vendors or peddlers, which may be subject to such license tax under the Constitution and laws of the State of Louisiana, now in force, and to regulate the business of manufacturing, processing, distributing, serving, selling or offering for sale, prepared foods, beverages, liquors, milk or milk products for human consumption.

4

With regard to the application for a license, Section 14-14 of the Iberville Parish Code of Ordinances provides as follows:

**Sec. 14-14. - Application.**

(a)    Every person subject to a license tax levied by this article, shall apply to the council for a license before the same becomes delinquent, as provided in this article. The application shall state all facts necessary to determine the amount of taxes due under this article. All applicants doing business during the previous year shall attach to his application a true copy of his monthly reports for payment of state sales taxes to the state revenue collector.

(b)    If the parish council is not satisfied with the facts set forth in the application, or for any reason desires to audit the books and records of the taxpayer, said council, or any of his authorized employees, may audit and inspect all records of the taxpayer that would have any bearing upon the amount of taxes due under this article.

(c)    Where an individual is an applicant for a license required by this article, the application must be signed by him; where a partnership or an association of persons, by a member of the firm; and where a corporation, by the proper officer thereof.

(d)    Any intentional false statement as to any material facts in the application for a license under this article shall constitute a misdemeanor, and any person convicted therefor, shall be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both.

The only restriction for the issuance of a food and beverage license contained in Chapter 14 of the Iberville Parish Code of Ordinances is found in Section 14-5, which requires Iberville to demand of any firm engaged in manufacturing, serving, selling or offering liquor for sale "a written permit to be issued by the Iberville Parish Health Unit to do business as required by the Louisiana State Sanitary Code, before issuing them a parish occupational license to do business in this parish; provided, however, if this permit is not issued or denied by the said Iberville Parish Health Unit within fifteen (15) days, the sales and use tax department shall issue license without the said permit."[2]

---

[2] The record does not reflect that Iberville enforced this requirement, and further, the denial of Istrouma's application was not based upon this provision.

At the hearing in this matter, Eric Wiggins, chief financial officer of Istrouma, testified that Istrouma applied to Iberville for a sales and use tax and occupational license. Mr. Wiggins testified that Istrouma did not apply for an Iberville Parish beer or liquor permit because it manufactures beer, which is regulated by the state.

David Hall, the sales tax director for Iberville, testified that he personally received Istrouma's application. Mr. Hall acknowledged that Istrouma was not applying for an alcoholic beverage permit but an occupational license. Mr. Hall testified that the issuance of an occupational license is governed by La. R.S. 47:341-360 and Chapter 14 of the Iberville Parish Code of Ordinances. With regard to the sales and use tax, Iberville considers the activity of the business to determine if it is conducting taxable transactions or making retail sales to determine whether the business needs to be registered for sales and use tax. According to Mr. Hall, he was familiar with the area in which Istrouma seeks to sell beer and knew that it was a residential area. Mr. Hall testified that Istrouma's application was denied because it is illegal to sell beer in a residential area in Iberville Parish, and Iberville does not grant occupational licenses for illegal activities.

In denying Istrouma's application, Iberville relied upon Section 2-5 of the Iberville Parish Code of Ordinances, which is found in Chapter 2, entitled "Alcoholic Beverages." Chapter 2 of the Iberville Parish Code of Ordinances also provides for the issuance of parish permits for the sale and distribution of high and low alcoholic content beverages. The issuance of such permits is prohibited for premises within certain proximity to churches, schools, libraries, and playgrounds. See Section 2-18 regarding permits for the sale of low alcoholic content beverages, which provides that no license "shall be issued to any person, firm or corporation when the business for which said license has been applied is located within three

hundred (300) feet of a school or church, the nearest point of the property line to the nearest point of the respective premises to be licensed. The distance shall be measured as a person walks using the sidewalk, street or path commonly used"; and Section 2-40 regarding permits for the sale of high alcoholic content beverages, which provides that no license "shall be issued to any person, firm or corporation where the business for which said license has been applied is located within five hundred (500) feet of any church, synagogue, library, school or playground. The measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, playground or school to the nearest point of the property line of the premises to be licensed." Significantly, Section 2-5 regarding the sale or distribution of beer, wine, liquor, or any beverage of high or low alcoholic content in residential areas does not contain a prohibition for the issuance of a license on this basis. Moreover, as stated by Istrouma and acknowledged by Mr. Hall, Istrouma was not applying for an alcoholic beverage permit pursuant to Chapter 2 of the Iberville Parish Code of Ordinances. None of these restrictions or prohibitions are contained in Chapter 14 of the Iberville Parish Code of Ordinances, the Chapter governing the issuance of occupational licenses.

In its reasons for judgment, the trial court noted that Title 47 of the Louisiana Revised Statutes and Chapter 14 of the Iberville Parish Code of Ordinances only require the collection of fees and taxes, and neither authorize Iberville to deny an application for the issuance of a sales and use tax registration or an occupational license. The trial court further found that Section 2-5, as well as the state statutes governing alcohol beverage permits cited by Iberville, are not applicable to the issuance of the sales and use tax registration sought in this case. For these reasons, the trial court found that Iberville had no valid legal reason to deny Istrouma a sales and use tax registration.

In *Bayou Landing, Ltd. v. City of Kenner*, 335 So. 2d 531 (La. App. 4 Cir. 1976), which was relied upon by the trial court in its reasons for judgment, the plaintiff filed a mandamus proceeding to compel the city to issue an occupational license for a retail bookstore. The plaintiff argued that the occupational license tax ordinance was a revenue measure that did not provide for the exercise of discretion in issuing the license. The defendant contended that it was not required to issue a license to a person whose business violated state and municipal criminal laws and that plaintiff's business violated the state criminal obscenity law and the municipal obscenity ordinance. In essence, the defendant contended that it could not be compelled to license an unlawful business. *Id.* at 532. The Louisiana Fourth Circuit found that the ordinance at issue was primarily a revenue measure, and contained no provision whatsoever for the investigation, supervision, control or regulation of the business, no requirement of a background investigation of the application, no provision for a delay within which to conduct an investigation, and most importantly, no provision for the denial of a license as a result of an investigation. *Id.* at 533. The court further stated that "[a]n official may decline issuance of a permit only for a reason specifically authorized by law or by the applicable statute." *Id.* With regard to the defendant's contention that the business would violate the municipal obscenity ordinance, the court stated:

> [T]hat ordinance itself presumably contains the standards for judging violations and the penalties for punishing violations. Perhaps the obscenity ordinance even authorizes revocation of the occupational license as a penalty for violation. But there is no basis for withholding the initial issuance of an occupational license because the obscenity statute Might [sic] be violated after the license is issued. If a determination is made in the future that plaintiff's business operation, once commenced, violates the obscenity ordinance, the proper punishment can be imposed by the proper authority in a proper proceeding. *Id.*

In *Poole*, 964 So. 2d at 966, this court recognized that when the powers to grant a license are specifically set forth by statute, and an applicant meets all of the

statutory requirements, the issuance of the license is a purely ministerial, non-discretionary act, which may be enforced through mandamus.

Based upon our review of the relevant statutory provisions, we agree with the trial court. Because the relevant provisions do not authorize Iberville to decline issuance of a sales and use tax registration or an occupational license, and Istrouma meets all of the statutory requirements as provided by the ordinances, the issuance of the sales and use tax registration is a purely ministerial, non-discretionary act, which was properly enforced through mandamus. See *Bayou Landing*, 335 So. 2d at 533; *Poole*, 964 So. 2d at 966.

Thus, we find Iberville's first and second assignments of error, contending that it was vested with discretion to deny the sales and use tax registration submitted by Istrouma based upon Section 2-5 of the Iberville Parish Code of Ordinances, to be without merit. In its third assignment of error, Iberville contends that Istrouma's appeal is governed by La. R.S. 26:106, which provides that an appeal must be filed within ten calendar days of the date of the judgment denying an alcoholic beverage permit. However, this statute is inapplicable because, as discussed above, Istrouma did not apply for an alcoholic beverage permit but an occupational license. Accordingly, Iberville's third assignment of error is without merit.

## ANSWER TO APPEAL

In its answer to appeal, Istrouma contends that it was procedurally improper for the trial court to deny its request for declaratory judgment because the issue was not properly before the trial court. Iberville does not contest this assertion.

A review of the record indicates that the only matter set before the trial court for hearing was Istrouma's petition for mandamus. The trial court denied Istrouma's declaratory judgment without sufficient notice beforehand to the parties that this matter would be under consideration at the hearing for the writ of

9

mandamus. <u>See</u> *Zachary Mitigation Area, LLC v. Tangipahoa Par. Council*, 2016-1675 (La. App. 1 Cir. 9/21/17), 231 So. 3d 687, 692. Thus, we find the trial court erred in denying Istrouma's petition for declaratory judgment, and this portion of the May 1, 2019 judgment is vacated.

## CONCLUSION

For the above and foregoing reasons, the trial court's judgment granting the petition for mandamus filed by Istrouma Foods, LLC d/b/a Istrouma Biere' Republique, and ordering Iberville Parish Sales & Use Tax Department, through David Hall, Director, to approve and issue the Sales and Use Tax Registration submitted by Istrouma Foods, LLC d/b/a Istrouma Biere' Republique, is affirmed. The trial court's denial of the petition for declaratory judgment filed by Istrouma Foods, LLC d/b/a Istrouma Biere' Republique is vacated, and this matter is remanded to the trial court for further proceedings. Costs of this appeal in the amount of $1,483.81 are assessed against Iberville Parish Sales & Use Tax Department, through David Hall, Director.

**JUDGMENT AFFIRMED IN PART; VACATED IN PART, AND REMANDED.**